UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JEFFERY L. HALL, | ) |
|       Petitioner, | ) |
| v. | ) Case No. 3:14-CV-1927-JVB |
| SUPERINTENDENT | ) |
|       Respondent. | ) |

## OPINION AND ORDER

Jeffery L. Hall, a *pro se* prisoner, filed a habeas corpus petition challenging the prison disciplinary hearing (WCC 14-06-625) that was held on July 2, 2014, where he was found guilty of possessing an electronic device in violation of B-121 by the Discipline Hearing Body (DHB) at the Westville Correctional Facility, deprived of 90 days earned credit time, and demoted to credit class 2. The respondent filed a response to the petition along with the complete administrative record. Having reviewed that the response and the record, the court now grants the habeas corpus petition.

Hall argues that the DHB did not have sufficient evidence to find that he possessed an electronic device. In evaluating whether there is adequate evidence to support the findings of a prison disciplinary hearing, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). The respondent argues that the conduct report alone is sufficient to demonstrate that Hall is guilty. It is true that a conduct report alone can provide evidence sufficient to support the finding of guilt. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). Here, the conduct report stated:

> On 6-20-14 at approximately 0520 hours, I officer B. McCully conducted a shakedown of the OSD facility with E-Squad. During my search of bunk locations 05-2-3 and 05-2-4 belonging to offenders Hall, Jeffery (100668) and Small, Brian (891313). I located a cell phone and charger hidden behind a bed post inside of a heater vent. Pictures were taken and evidence was forwarded to a DHB locker.

DE 5-1 at 1. The respondent has not provided any other evidence indicating that the cell phone and charger belonged to Hall.

Hall argues that merely finding the cell phone hidden in a heater vent in his dorm is insufficient because he was housed with "over 100 other inmates in this open dorm." DE 2 at 2. The respondent has not disputed the truth of that assertion.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted). To illustrate how lenient the "some evidence" standard is, the Seventh Circuit upheld a finding of guilt in a case where a weapon was discovered in area controlled by four inmates because there was a twenty-five percent chance of guilt. *Hamilton v. O'Leary*, 976 F.2d 341, 346 (7th Cir. 1992).

However, the respondent's argument in this case stretches much, much farther. Here the respondent would have the court find that a less than 1% chance of guilt was sufficient. That is just too far. The cell phone and charger were not found in Hall's property, they were found in a heater vent. Though the heater vent was near Hall's bed area, neither the conduct report nor any supplemental information indicates that access to it was limited to Hall or a few others. Rather, it

2

appears that any of more 100 other inmates in that dorm also had access to the heater vent. This is unlike numerous other cases where contraband is found in a prisoner's property or in a vent which is only routinely accessible to the few residents of a cell. It is also unlike numerous other cases where additional evidence supports the inference that the contraband belonged to the charged inmate. Here, there is no indication that the phone had been used by Hall. Thus, based on this record, there is not sufficient evidence to find that Hall possessed the cell phone and charger. Therefore, habeas corpus relief will be granted.

For the foregoing reasons, the court:

(1) **GRANTS** the habeas corpus petition (DE 2);

(2) **ORDERS** the Respondent to remove the finding of guilt for WCC 14-06-625 from Jeffery L. Hall's record, to restore the 90 days earned credit time as well as any credit time lost as a result of demoting him to credit class 2;

(3) **ORDERS** the Respondent to send proof of compliance with this order by October 29, 2014; and

(4) **DIRECTS** the clerk to fax a copy of this order to the Superintendent of the Westville Correctional Facility.

**SO ORDERED** on October 24, 2014.

    s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE